07 CV 672

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

JESSE ROSEN,

         Plaintiff,

  -against-

THE CITY OF NEW YORK, NEW YORK CITY
HEALTH AND HOSPITALS CORPORATION, PRISON
HEALTH SERVICES, INC., MARTIN F. HORN,
Commissioner of the New York City Department of
Correction, OFFICER JOHN DOE, said name being
fictitious, being intended to designate the City of New
York Correction Officer designated herein, OFFICER
RICHARD ROE, said name being fictitious, being
intended to designate the City of New York Correction
Officer involved in the action herein, and JOHN DOE,
M.D., said name being fictitious, being intended to
designate the physician involved in the action herein,

         Defendants.

------------------------------------------------------------ x

**NOTICE OF REMOVAL**

**Index No. 112185/2005**
(Supreme Court of the State of
New York, Bronx County)



JUL 26 2007
U.S.D.C. S.D.N.Y.
CASHIERS

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §1441, defendants City of New York ("City"), New York City Department of Correction Commissioner Martin F. Horn and New York City Health and Hospitals Corporation, hereby submit this notice to remove this action from the Supreme Court of the State of New York, County of Bronx to the United States District Court for the Southern District of New York of New York. In support of this notice, the City of New York and Commissioner Horn respectfully states:

1. Plaintiff Jesse Rosen commenced this action by filing a Summons and Complaint in the Supreme Court of the State of New York, County of Bronx, on or about June 26, 2007, under Index No. 16753/07.

2. A copy of the Summons and Complaint is attached hereto as Exhibit A.

3. The defendants have not yet interposed an Answer and respectfully request that their time to answer or otherwise respond to the Complaint be stayed pending the disposition of this petition.

4. Upon information and belief, no proceedings have occurred in the state court action.

5. The complaint alleges that plaintiff Jesse Rosen was physically assaulted by other inmates. Plaintiff alleges that unidentified New York City correction officers failed to protect him from the alleged attack in violation of plaintiff's civil rights under the United States Constitution and under State Law.

6. Plaintiff alleges his claims are actionable under 42 U.S.C. § 1983.

7. This court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331, which creates jurisdiction over civil actions arising under federal law; 28 U.S.C. § 1343, which creates jurisdiction over actions involving civil rights and arising under 43 U.S.C. §1983; and 28 U.S.C. §1367, which creates supplemental jurisdiction over related claims arising under state law.

8. Moreover, the Southern District has specifically held that actions originally filed in state court, alleging §1983 claims are properly removed to federal court because "federal question removal jurisdiction exists over plaintiff's §1983 claims and supplemental jurisdiction exists over [plaintiff's related] state law claims." Atkinson v. B.C.C. Associates, Inc., 91 Civ. 4443, 1992 WL 51568 at *1, 1992 U.S. Dist. LEXIS 2824 (S.D.N.Y. March 9, 1992).

9. As this Court stated in Cespuglio v. Ward, 2004 U.S. Dist. LEXIS 8586 at *7 (S.D.N.Y. May 12, 2004), "[i]t is well established that, to determine whether the claim arises under federal law, [courts] examine the 'well pleaded' allegations of the complaint and ignore potential defenses: 'a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." Id. (internal citations omitted). The Second Circuit has endorsed this rule, "[t]he existence of a federal question must be determined solely by reference to the plaintiff's own claim--not by reference to statements raised in anticipation or avoidance of possible defenses that may be interposed." Empire Healthchoice Assurance, Inc. v. McVeigh, 396 F.3d 136, 140 (2d Cir. 2005) *quoting* Briarpatch Ltd., L.P. v Phoenix Pictures, Inc., 373 F.3d 296, 304 (2d Cir. 2004).

10. Here, the Eighth Cause of Action, *inter alia*, specifically references a federal statute, stating that plaintiff was deprived of his "rights secured to him under 42 U.S.C. § 1983". Exhibit A ¶ 86. It is further alleged, *inter alia*, that defendant Horn violated plaintiff's 8th Amendment and 14th Amendment rights. See Exhibit A ¶ 93. The Eighth Cause of action consists exclusively of purported violations of plaintiff's federally protected rights. See Exhibit A ¶¶ 84-137.

11. It is respectfully submitted that federal jurisdiction is properly invoked because, as Plaintiff's own Complaint undeniably shows, this case involves numerous federal questions and related state law claims over which this Court has original jurisdiction and/or supplemental jurisdiction.

12. In addition to establishing a proper grounds for the Court's original jurisdiction, an effective removal petition requires consent of all defendants. Although there is no express

- 3 -

statutory requirement that all defendants either join the petition for removal or consent to such removal, there is widespread agreement among the district courts in the Second Circuit, that "all named [defendants] over whom the state court acquired jurisdiction must join in the removal petition for removal to be proper." Still v. DeBuono, 927 F. Supp. 125, 129 (S.D.N.Y. 1996), aff'd on other grounds, 101 F.3d 888 (2d Cir. 1996).

13. An exception to the general rule that all defendants must join or consent to the petition for removal have been recognized where the non-joining defendants have not been served with service of process at the time the removal petition is filed. Ell v. S.E.T. Landscape Design, Inc. 34 F. Supp. 2d 188, 193 (S.D.N.Y. 1998).

14. Upon information and belief, the City, Commissioner Horn and New York City Health and Hospitals Corporation (HHC) are the only named defendants which have been served as of the date of this petition. Accordingly, consent of the other defendants which have not been named and/or served is unnecessary at this time.

15. In addition, upon information and belief, according to agreement, Prison Health Services may be represented by the Office of the Corporation Counsel. Defendants respectfully submit it is likely that all named defendants will ultimately be represented by the same counsel in this case.

16. Additionally, if it becomes evident that any additional defendant has been served with a copy of the Summons and Complaint, the City will make an effort to obtain their proper consent to remove this action to federal court during the pending disposition of this petition.

17. Accordingly, this action may be removed to the District Court pursuant to 28 U.S.C. § 1441(b) because "[a]ny civil action which the district courts have original jurisdiction

founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

18. In accordance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, the City will give written notice of the removal to all parties of record and will file a true and correct copy of this Notice of Removal with the Clerk of the Court for the Supreme Court of the State of New York, Bronx County.

19. It is additionally respectfully requested that the above referenced case be consolidated with the pending civil action, <u>Jesse Rosen v. City of New York, et al.</u>, 07 Civ. 6018 (VM), which is pending before The Honorable Victor Marrero, United States District Judge. A copy of the summons and complaint in that action is annexed as Exhibit B. Defendants respectfully submit that the complaints in these two actions are substantively identical.

20. Defendants City of New York, Martin F. Horn and HHC are the petitioners for the removal of this case to this Court.

WHEREFORE, defendants City of New York, Martin F. Horn and HHC respectfully request that this action proceed in this Court as an action properly removed thereto.

Dated: New York, New York
      July 26, 2007

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the
                                     City of New York
                                    Attorney for Defendant
                                    100 Church Street, 3-141
                                    New York, New York 10007
                                    (212) 788-0869

                By: _____
                              JORDAN M. SMITH (JS 7186)
                              Assistant Corporation Counsel

- 6 -

TO: Michael Jaffe, Esq. (by hand delivery)
  *Attorneys for Plaintiff*
  Pazer & Epstein, P.C.
  20 Vesey Street, #700
  New York, New York 10007
  (212) 227-1212