# EXHIBIT B

07 CV 80 1 R

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
JESSE ROSEN,

                            Plaintiff,                          **COMPLAINT**
                                                                  CV

        - against -

THE CITY OF NEW YORK, NEW YORK CITY HEALTH
AND HOSPITALS CORPORATION, PRISON HEALTH
SERVICES, INC., MARTIN F. HORN, Commissioner of the New          JUN 2 6 2007
York City Department of Correction, OFFICER JOHN DOE, said
name being fictitious, being intended to designate the City of New
York Correction Officer involved in the action herein, and JOHN
DOE, M.D., said name being fictitious, being intended to designate
the physician involved in the action herein,

                            Defendants.                         Jury Trial Demanded
------------------------------------------------------------------------------X

        Jesse Rosen, by his attorneys, Pazer & Epstein P.C., alleges the following as his

Complaint:


                                    Nature of the Action

        1.      This civil rights action arises from the unlawful failure to protect Jesse Rosen

from grievous injuries sustained on or about June 21, 2006, while plaintiff was imprisoned in a

City-run jail on Rikers Island. Plaintiff seeks declaratory relief pursuant to 22 U.S.C. §2201 and,

under 42 U.S.C. §1983, compensatory and punitive damages for violation of his civil rights.


                                        Jurisdiction

        2.      This action arises under the Fourteenth Amendment to the United States

Constitution and 42 U.S.C. §1983. This Court has subject matter jurisdiction over the federal

claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(3). Plaintiff asserts jurisdiction over

the City of New York under 28 U.S.C. §1367. Plaintiff asks this Court exercise pendent

jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do plaintiff's federal claims.

## Venue

3.      Pursuant to 28 U.S.C. §1391(b), venue is proper in the Southern District of New York of New York because the events forming the basis of plaintiff's Complaint occurred in that District.

## Notice of Claim

4.      On September 12, 2006 and within ninety days after the claims arose, plaintiff caused a Notice of Claim to be served upon defendant the City of New York by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

5.      The Notice of Claim was in writing and was sworn to by the plaintiff.

6.      The Notice of Claim contained the name and post office address of the plaintiff, the nature of the claims, the time when, the place where and the manner by which the claims arose, and the damage and injuries claimed to have been sustained.

7.      The Comptroller's office assigned the claim number 2006PI025066.

8.      The Comptroller's office, by letter dated November 8, 2006, more than 30 days subsequent to the filing of the Notice of Claim, requested a hearing pursuant to Section 50-h of the General Municipal Law.

9.      In response to the Comptroller's request for hearing, the Comptroller's office was advised that plaintiff was incarcerated at Riker's Island and plaintiff, by his attorneys, requested that since he was in City custody, the City arrange through its agency, the Department of Corrections to produce plaintiff for the hearing.

10. The City of New York has refused to produce plaintiff for the 50-h hearing.

11. Defendant City of New York has failed to adjust the claims within the statutory time period.

12. This action was commenced within one year and ninety days after the happening of the event upon which the claims are based.

<u>Parties</u>

13. Plaintiff, Jesse Rosen is a citizen of the United States of America who, at all times relevant, was in the custody and control of the City of New York and its employees.

14. On or about June 21, 2006, Jesse Rosen was housed in the George Motchan Detention Center ("GMDC"), a correctional facility located on Rikers Island, in the County of the Bronx, New York.

15. Defendant City of New York is a municipal corporation duly incorporated and existing under the laws of New York State.  Pursuant to its Charter, New York City has established and maintains a Department of Corrections as a constituent department or agency.

16. Defendant City of New York and its Department of Corrections, at all times relevant, owned, maintained and operated a premises known and designated as the George Motchan Detention Center ("GMDC") at Rikers Island.

17. Defendant New York City Health and Hospital Corporation was and still is a municipal corporation organized and existing under and pursuant to laws of the State of New York.

18. At all times relevant, defendant New York City Health and Hospital Corporation was and still is a public benefits corporation which owns, operates, maintains, manages and

controls a hospital known and designated as Elmhurst Hospital Center, in the County of Queens, City and State of New York.

19,     Defendant, PRISON HEALTH SERVICES, INC. (hereinafter referred to as "PHS") is a domestic corporation organized and existing under the laws of New York State.

20.     Defendant, PHS, is a foreign corporation authorized to do business in New York State.

21.     At all times hereinafter mentioned, Defendant, MARTIN F. HORN, was a Commissioner employed by DOC.

22.     That Elmhurst Hospital Center is an agency of Defendant, NYCH&HC.

23.     Defendant, NYCH&HC, owned a hospital known and designated as Elmhurst Hospital Center, in the City and State of New York, County of Queens.

24.     Defendant, NYCH&HC, operated a hospital known and designated as Elmhurst Hospital Center, in the City and State of New York, County of Queens.

25.     Defendant, NYCH&HC, maintained a hospital known and designated as Elmhurst Hospital Center, in the City and State of New York, County of Queens.

26.     On June 21, 2006, Defendant City of New York employed correction officers as part of its operations at GMDC at Rikers Island.

27.     At all times relevant, these Department of Corrections officers were acting within the scope of their employment by Defendant City of New York.

28.     At all times relevant, Defendant City of New York's employees were acting under color of state law and authority as corrections officers with the Department of Corrections.

29.     At some time on or before June 21, 2006, Defendant, CITY, contracted with Defendant, NYCH&HC, to provide the aforementioned medical care.

30.    At some time on or before June 21, 2006, Defendant, CITY, contracted with Defendant, PHS, to provide the aforementioned medical care.

31.    That the Office Of Correctional Services (hereinafter referred to as "OCS") is a subdivision of Defendant, NYCH&HC.

32.    At some time on or before June 21, 2006, OCS contracted with Defendant, PHS, to provide the aforementioned medical care.

33.    At some time on or before June 21, 2006, Defendant, NYCH&HC, contracted with Defendant, PHS, to provide the aforementioned medical care.

34.    Defendant, CITY, by and through its agents, servants, and/or employees, held themselves out as being skillful and competent in diagnosing and treating human diseases, ailments, pain and physical conditions.

35.    Defendant, NYCH&HC, by and through its agents, servants, and/or employees, held themselves out as being skillful and competent in diagnosing and treating human diseases, ailments, pain and physical conditions.

36.    Defendant, PHS, by and through its agents, servants, and/or employees, held themselves out as being skillful and competent in diagnosing and treating human diseases, ailments, pain and physical conditions.

37.    The pendent state action falls within one or more of the exceptions contained in CPLR §1602.

Facts Underlying
Plaintiff's Claims for Relief

38.    On or about June 21, 2006, at or around 11:20 a.m., in the area known as C73, G.M.D.C., Dorm 3 Upper, Department of Corrections officers failed to prevent plaintiff from being assaulted and battered by fellow inmates.

39.    Upon information and belief, Department of Corrections officers were on duty at that time in the area.

40.    Department of Corrections officers were responsible for the care, custody and control of plaintiff and the other inmates in the area.

41.    Department of Corrections officers were responsible for supervising each of the inmates in the area known as C73, G.M.D.C., Dorm 3 Upper.

42.    Department of Corrections officers ignored a known foreseeable and preventable risk of harm despite being given notice of threats of bodily harm against the plaintiff by the other inmates.

43.    The Department of Corrections and the City of New York created the danger which caused plaintiff's injuries and furthermore exhibited deliberate indifference to the safety, health and well-being of plaintiff and failed to safeguard plaintiff despite being on notice of an organized pattern of extortion and assaults by inmates against plaintiff and others.

44.    Plaintiff was attacked by a group of about six inmates while at least four (4) Department of Corrections officers failed to intervene and safeguard the plaintiff.

45.    While these Department of Corrections officers were standing by, the aforementioned inmates beat plaintiff causing severe and serious injuries.

46.    Eventually, plaintiff was taken to the Rikers Island medical clinic.

47.    Department of Corrections employees at the Rikers Island medical clinic examined and treated plaintiff [then directed correction and medical staff to return plaintiff to his housing area, despite the fact that plaintiff was suffering from significant injuries and needed further medical assistance?].

48.     The serious risk to plaintiff's health posed by his injuries, and specifically his orbital and nasal fractures were obvious but yet ignored.

49.     Department of Corrections officers and employees delayed medical care and did not allow timely or proper transfer of plaintiff to an emergency room at Elmhurst Hospital Center until the following day, June 22, 2006.

50.     As a result of the incident, plaintiff suffered emotional shock, fright and pain.

51.     As a result of the assault permitted by Department of Corrections officers, plaintiff suffered personal injuries to the head, face and limbs, including but not limited to orbital and nasal fractures.

52.     At all times relevant, Department of Corrections officers, New York City Health and Hospital Corporation employees and Prison Health Services employees acted intentionally, willfully, maliciously, negligently, and with wreckless disregard for and deliberate indifference to plaintiff's rights and well-being.

FIRST CLAIM FOR RELIEF FOR
DEFENDANTS' FAILURE TO PROTECT
<u>PLAINTIFF UNDER THE UNITED STATES CONSTITUTION</u>

53.     Plaintiff repeats each allegation of paragraphs 1 – 52 as though fully stated therein.

54.     By the actions described above, including the failure to protect plaintiff from known risks posed by other inmates, defendants deprived or caused plaintiff to be deprived of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983.

55.     By failing to take any steps to protect plaintiff from risks posed by other inmates, defendants, City of New York and Department of Corrections, created a high degree of risk of

# Xerox WorkCentre Pro
# SMTP Transfer Report



## Job Status:   **FAILED**  Job canceled by user.

### Job Information
Device Name:          XE–3–221E–FAX
Submission Date:      07/23/07
Submission Time:      04:41 PM
Images Scanned:       13
Size:                 0

### SMTP Server
Address:              lawmnim1.law.local:25

## Message Settings:
Subject:              Scan XE–3–221E–Fax
From:                 nyclaw@law.nyc.gov
To:

   1. josmith@law.nyc.gov

Copyright (c) 1993–2005 Xerox Corporation. All Rights Reserved.

physical harm to the plaintiff, and, with deliberate indifference to that risk, caused unjustifiable harm upon the plaintiff in violation of the United States Constitution.

56.     As a consequence thereof, plaintiff has been injured.

## SECOND CLAIM FOR RELIEF FOR ASSAULT

57.     Plaintiff repeats the allegations of paragraphs 1 – 56 as though fully stated herein.

58.     By the actions described above, defendants, City of New York and Department of Corrections, intentionally caused and allowed plaintiff to be placed in apprehension of imminent harmful and offensive contact, thereby committing an assault.

59.     As a consequence thereof, plaintiff has been injured.

## THIRD CLAIM FOR RELIEF FOR BATTERY

60.     Plaintiff repeats the allegations of paragraphs 1 – 59 as though fully stated herein.

61.     By the actions described above, defendants, City of New York and Department of Corrections, intentionally caused and allowed plaintiff to be struck in a harmful and offensive manner, thereby committing a battery.

62.     As a consequence thereof, plaintiff has been injured.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS FOR DELIBERATE INDIFFERENCE TO PLAINTIFF'S MEDICAL CONDITION

63.     Plaintiff repeats the allegations of paragraphs 1 – 62 as though fully stated herein.

64.     As described above, defendants, City of New York, Department of Corrections, New York City Health and Hospital Corporation, and PHS acted with deliberate indifference to plaintiff's medical needs, by among other things, failing to properly treat plaintiff and failing to transfer plaintiff to an emergency room, despite the fact that defendants were aware of, or but

for their deliberate indifference, should have been aware of, the plaintiff's serious medical condition.

65.    Defendants consciously disregarded the medical risk posed by plaintiff's injuries by among other things, failing timely to provide essential emergency treatment and by failing to transfer the plaintiff to a readily accessible emergency facility in a timely manner as dictated by the plaintiff's medical condition.

66.    As a consequence, plaintiff has been injured.

## FIFTH CLAIM FOR RELIEF AGAINST
## DEFENDANTS FOR MEDICAL MALPRACTICE

67.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 - 66 as though fully set forth herein at length.

68.    Defendant, CITY, knew or should have known Plaintiff, among other things, required monitoring, testing, examinations and evaluations, and/or treatment as a result of his condition.

69.    Defendant, NYCH&HC, knew or should have known Plaintiff, among other things, required monitoring, testing, examinations and evaluations, and/or treatment as a result of his condition.

70.    Defendant, PHS, knew or should have known Plaintiff, among other things, required monitoring, testing, examinations and evaluations, and/or treatment as a result of his condition.

71.    Defendant, CITY, treated and cared for Plaintiff in a careless and negligent manner and deviated from accepted standards of care and treatment therein.

72.     Defendant, NYCH&HC, treated and cared for Plaintiff in a careless and negligent manner and deviated from accepted standards of care and treatment therein.

73.     Defendant, PHS, treated and cared for Plaintiff in a careless and negligent manner and deviated from accepted standards of care and treatment therein.

74.     Plaintiff was caused to be injured, and to undergo pain and suffering as a result of the negligence, carelessness and medical malpractice of the Defendant, CITY.

75.     Plaintiff was caused to be injured, and to undergo pain and suffering as a result of the negligence, carelessness and medical malpractice of the Defendant, NYCH&HC.

76.     Plaintiff was caused to be injured, and to undergo pain and suffering as a result of the negligence, carelessness and medical malpractice of the Defendant, PHS.


### SIXTH CLAIM FOR RELIEF FOR VIOLATING
### PLAINTIFF'S RIGHTS UNDER NEW YORK STATE CORRECTION LAW

77.     Plaintiff repeats the allegations of paragraphs 1 – 76 as though fully stated herein.

78.     By the actions described above, defendants deprived plaintiff of his rights secured under New York State Correction Law sections 500(K) and 137(5).

79.     As a consequence thereof, plaintiff has been injured.


### SEVENTH CLAIM FOR RELIEF FOR NEGLIGENCE

80.     Plaintiff repeats the allegations of paragraphs 1 – 79 as though fully stated herein.

81.     The acts complained of herein resulted from defendant, City of New York, through its agents, servants and employees, breaching its duty to properly assign, train, supervise or discipline its Correction Department personnel including medical personnel.

82.     The City of New York's failure to properly assign, train, supervise or discipline its employees, including the personnel involved herein, constitutes acquiescence in and tolerance of ongoing unconstitutional conduct and created the atmosphere allowing the defendants to believe that they could, with impunity, allow the plaintiff to be attacked.

83.     The City of New York's failure to properly assign, train, supervise or discipline its employees, including medical personnel involved herein, constitutes acquiescence in and tolerance of ongoing unconstitutional conduct and created the atmosphere allowing the defendants to believe they could, with impunity, delay essential medical treatment for a serious medical condition.

84.     By reason of the foregoing, Defendant City of New York's agents, servants and employees failed and refused to use such care in the performance of their duties as reasonably prudent employees would have used under similar circumstances.

85.     As a consequence thereof, plaintiff has been injured.

## EIGHTH CLAIM FOR RELIEF FOR VIOLATIONS OF PLAINTIFF'S CONSTITUTIONAL RIGHTS AND §1983

86.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 - 85 as though fully set forth herein at length.

87.     Defendant, MARTIN F. HORN, as Commissioner of DOC, violated the rights of Plaintiff secured to him under the 8th Amendment and the 14th Amendment to the Constitution of the United State of America.

88.     Defendant, MARTIN F. HORN, as Commissioner of DOC, acting under color of law, violated the rights of Plaintiff secured to him under 42 U.S.C. §1983.

89.    Defendant, MARTIN F. HORN, as Commissioner of DOC, failed to adopt and/or enforce procedures providing the right of inmates and/or detainees access to medical care and treatment.

90.    Defendant, MARTIN F. HORN, as Commissioner of DOC, failed to adopt and/or enforce practices and procedures to provide inmates and/or detainees with a functioning sick call system using properly trained medical staff.

91.    Defendant, MARTIN F. HORN, as Commissioner of DOC, failed to adopt and/or enforce practices and procedures to provide a means of addressing medical emergencies among inmates and/or detainees.

92.    Defendant, MARTIN F. HORN, as Commissioner of DOC, failed to adopt and/or enforce practices and procedures to prioritize medical emergencies among inmates and/or detainees.

93.    Defendant, MARTIN F. HORN, as Commissioner of DOC, denied or unreasonably delayed Plaintiff access to a physician for diagnosis and treatment; failed to administer to Plaintiff treatment prescribed by a physician;  and denied Plaintiff professional medical judgment.

94.    The aforesaid constituted deliberate, willful, wanton indifference on the part of Defendant, MARTIN F. HORN, as Commissioner of DOC, to the right of inmates and/or detainees access to medical care and treatment, and, more specifically, to the rights of Plaintiff to access to medical care and treatment.

95.    As a result of the aforementioned, Defendant, MARTIN F. HORN, as Commissioner of DOC, violated rights of Plaintiff secured to him under the 8th Amendment and

14th Amendment of the Constitution of the United States of America, and under 42 U.S.C. § 1983.

96.    As a result of the aforementioned, Defendant, MARTIN F. HORN, as Commissioner of DOC, violated the rights of Plaintiff secured to him under the 8th Amendment of the Constitution of the United States of America to be free from cruel and unusual punishments.

97.    Defendant, OFFICER JOHN DOE, said name being fictitious, being intended to designate the City of New York Department of Correction Officer involved in the action herein, violated the rights of Plaintiff secured to him under the 8th Amendment and the 14th Amendment to the Constitution of the United State of America.

98.    Defendant, OFFICER JOHN DOE, said name being fictitious, being intended to designate the City of New York Department of Correction Officer involved in the action herein, acting under color of law, violated the rights of Plaintiff secured to him under 42 U.S.C. §1983.

99.    As a result of the aforementioned, Defendant, OFFICER JOHN DOE, said name being fictitious, being intended to designate the DOC Correction Officer involved in the action herein violated the rights of Plaintiff secured to him under the 8th Amendment of the Constitution of the United States of America to be free from cruel and unusual punishments.

100.    Defendant, OFFICER JOHN DOE, said name being fictitious, being intended to designate the City of New York Department of Correction Officer involved in the action herein, failed to adopt and/or enforce practices and procedures to provide a means of addressing medical emergencies among inmates and/or detainees.

101.    Defendant, OFFICER JOHN DOE, said name being fictitious, being intended to designate the City of New York Department of Correction Officer involved in the action herein,

failed to adopt and/or enforce practices and procedures to prioritize medical emergencies among inmates and/or detainees.

102.    Defendant, OFFICER JOHN DOE, said name being fictitious, being intended to designate the City of New York Department of Correction Officer involved in the action herein, denied or unreasonably delayed Plaintiff access to a physician for diagnosis and treatment; failed to administer treatment to Plaintiff prescribed by a physician; and denied Plaintiff professional medical judgment.

103.    The aforesaid constituted deliberate, willful, wanton indifference on the part of Defendant, OFFICER JOHN DOE, said name being fictitious, being intended to designate the City of New York Department of Correction Officer involved in the action herein, to the right of inmates access to medical care and treatment, and, more specifically, to the rights of Plaintiff to access to medical care and treatment.

104.    As a result of the aforementioned, Defendant, OFFICER JOHN DOE, said name being fictitious, being intended to designate the City of New York Department of Correction Officer involved in the action herein, violated rights of Plaintiff secured to him under the 8th Amendment and 14th Amendment of the Constitution of the United States of America, and under 42 U.S.C. §1983.

105.    Defendant, OFFICER RICHARD ROE, said name being fictitious, being intended to designate the City of New York Department of Correction Officer involved in the action herein, violated the rights of Plaintiff secured to him under the 8th Amendment and the 14th Amendment to the Constitution of the United State of America.

106.    Defendant, OFFICER RICHARD ROE, said name being fictitious, being intended to designate the City of New York Department of Correction Officer involved in the action

herein, acting under color of law, violated the rights of Plaintiff secured to him under 42 U.S.C. §1983.

107.    As a result of the aforementioned, Defendant, OFFICER RICHARD ROE, said name being fictitious, being intended to designate the DOC Correction Officer involved in the action herein violated the rights of Plaintiff secured to him under the 8th Amendment of the Constitution of the United States of America to be free from cruel and unusual punishments.

108.    Defendant, OFFICER RICHARD ROE, said name being fictitious, being intended to designate the City of New York Department of Correction Officer involved in the action herein, failed to adopt and/or enforce practices and procedures to provide a means of addressing medical emergencies among inmates and/or detainees.

109.    Defendant, OFFICER RICHARD ROE, said name being fictitious, being intended to designate the City of New York Department of Correction Officer involved in the action herein, failed to adopt and/or enforce practices and procedures to prioritize medical emergencies among inmates and/or detainees.

110.    Defendant, OFFICER RICHARD ROE, said name being fictitious, being intended to designate the City of New York Department of Correction Officer involved in the action herein, denied or unreasonably delayed Plaintiff access to a physician for diagnosis and treatment;  failed to administer treatment to Plaintiff prescribed by a physician;  and denied Plaintiff professional medical judgment.

111.    The aforesaid constituted deliberate, willful, wanton indifference on the part of Defendant, OFFICER RICHARD ROE, said name being fictitious, being intended to designate the City of New York Department of Correction Officer involved in the action herein, to the

right of inmates access to medical care and treatment, and, more specifically, to the rights of Plaintiff to access to medical care and treatment.

112.    As a result of the aforementioned, Defendant, OFFICER RICHARD ROE, said name being fictitious, being intended to designate the City of New York Department of Correction Officer involved in the action herein, violated rights of Plaintiff secured to him under the 8th Amendment and 14th Amendment of the Constitution of the United States of America, and under 42 U.S.C. §1983.

113.    Defendant, JOHN DOE, M.D., said name being fictitious, being intended to designate the physician involved in the action herein, violated the rights of Plaintiff secured to him under the 8th Amendment and the 14th Amendment to the Constitution of the United State of America.

114.    Defendant, JOHN DOE, M.D., said name being fictitious, being intended to designate the physician involved in the action herein, acting under color of law, violated the rights of Plaintiff secured to him under 42 U.S.C. §1983.

115.    Defendant, JOHN DOE, M.D., said name being fictitious, being intended to designate the physician involved in the action herein, failed to adopt and/or enforce procedures providing the right of inmates and/or detainees access to medical care and treatment.

116.    Defendant, JOHN DOE, M.D., said name being fictitious, being intended to designate the physician involved in the action herein, failed to adopt and/or enforce practices and procedures to provide inmates and/or detainees with a functioning sick call system using properly trained medical staff.

117.    Defendant, JOHN DOE, M.D., said name being fictitious, being intended to designate the physician involved in the action herein, failed to adopt and/or enforce practices and

16

procedures to provide a means of addressing medical emergencies among inmates and/or detainees.

118.    Defendant, JOHN DOE, M.D., said name being fictitious, being intended to designate the physician involved in the action herein, failed to adopt and/or enforce practices and procedures to prioritize medical emergencies among inmates and/or detainees.

119.    The aforesaid constituted deliberate, willful, wanton indifference on the part of Defendant, JOHN DOE, M.D., said name being fictitious, being intended to designate the physician involved in the action herein, to the right of inmates and/or detainees access to medical care and treatment, and, more specifically, to the rights of Plaintiff to access to medical care and treatment.

120.    As a result of the aforementioned, Defendant, JOHN DOE, M.D., said name being fictitious, being intended to designate the physician involved in the action herein, violated rights of Plaintiff secured to him under the 8th Amendment and 14th Amendment of the Constitution of the United States of America, and under 42 U.S.C. §1983.

121.    As a result of the aforementioned, Defendant, JOHN DOE, M.D., violated the rights of Plaintiff secured to him under the 8th Amendment of the Constitution of the United States of America to be free from cruel and unusual punishments.

122.    Defendants denied Plaintiff's decedent to the right of access to medical care and treatment in violation of his civil rights.

123.    Defendants violated Plaintiff's civil rights, including the 8th Amendment and 14th Amendment of the United States Constitution and 42 U.S.C. §1983.

124.    Defendants' actions were undertaken under color of law and would not have existed, but for said Defendants using their official power.

125.   The supervisors and policy making officers of Defendants CITY, including, but not limited to defendant, MARTIN F. HORN, as a matter of policy, failed to take steps to terminate the above detailed practices and failed to discipline or otherwise properly supervise the individuals engaged in such practices.

126.   The supervisors and policy making officers of Defendants NYCH&HC, as a matter of policy, failed to take steps to terminate the above detailed practices and failed to discipline or otherwise properly supervise the individuals engaged in such practices.

127.   The supervisors and policy making officers of Defendants PHS, as a matter of policy, failed to take steps to terminate the above detailed practices and failed to discipline or otherwise properly supervise the individuals engaged in such practices.

128.   Defendant, CITY, failed to properly or effectively train its employees with regard to proper constitutional and statutory limits on the exercise of their authority, and such failure continues to this day.

129.   Defendant, NYCH&HC, failed to properly or effectively train its employees with regard to proper constitutional and statutory limits on the exercise of their authority, and such failure continues to this day.

130.   Defendant, PHS, failed to properly or effectively train its employees with regard to proper constitutional and statutory limits on the exercise of their authority, and such failure continues to this day.

131.   Defendant, CITY, sanctioned the policy and practices described in the above paragraphs through its deliberate indifference to the effect of said policy upon the constitutional rights of Plaintiff and others similarly situated.

132.    Defendant, NYCHHC, sanctioned the policy and practices described in the above paragraphs through its deliberate indifference to the effect of said policy upon the constitutional rights of Plaintiff and others similarly situated.

133.    Defendant, PHS, sanctioned the policy and practices described in the above paragraphs through its deliberate indifference to the effect of said policy upon the constitutional rights of Plaintiff and others similarly situated.

134.    Defendant, CITY, was negligent in hiring, retaining, supervising and disciplining its employees and in failing to train them in the practices and procedures of providing inmates with access to medical care and treatment.

135.    Defendant, NYCHHC, was negligent in hiring, retaining, supervising and disciplining its employees and in failing to train them in the practices and procedures of providing inmates with access to medical care and treatment.

136.    Defendant, PHS, was negligent in hiring, retaining, supervising and disciplining its employees and in failing to train them in the practices and procedures of providing inmates with access to medical care and treatment.

137.    Defendant, CITY, hired and retained in its employ certain persons with knowledge that said employees had propensities to deny or delay inmates with access to proper medical care and treatment or to intentionally interfere with the administration of treatment and were, therefore, unfit to perform their functions as employees.

138.    Defendant, NYCHHC, hired and retained in its employ certain persons with knowledge that said employees had propensities to deny or delay inmates with access to proper medical care and treatment or to intentionally interfere with the administration of treatment and were, therefore, unfit to perform their functions as employees.

139. Defendant, PHS, hired and retained in its employ certain persons with knowledge that said employees had propensities to deny or delay inmates with access to proper medical care and treatment or to intentionally interfere with the administration of treatment and were, therefore, unfit to perform their functions as employees.

140. Defendants' motivations were in contravention of the U.S. Constitution and Constitution of the State of New York.

141. The aforesaid constituted deliberate, willful, wanton indifference on the part of Defendants to the right of inmates and/or detainees access to medical care and treatment, and, more specifically, to the rights of Plaintiff access to medical care and treatment.

142. Plaintiff by virtue of his incarceration was totally dependent on the Defendants to provide adequate medical care and treatment.

143. As a result of the aforementioned, Defendants violated the rights of Plaintiff secured to him under the 8th Amendment and 14th Amendment of the Constitution of the United States of America, and under 42 U.S.C. §1983.

144. Plaintiff was caused to be injured, and to undergo pain and suffering as a result of the aforementioned willful, wanton and deliberate indifference on the part of Defendants.

145. Plaintiff is entitled to and demand costs, expenses, and attorney's fees pursuant to 42 U.S.C. §1988.

146. As a result of the aforesaid, Plaintiff was damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

<u>REQUEST FOR RELIEF</u>

WHEREFORE, plaintiff respectfully requests that judgment be entered as follows:

(A)     Declaratory relief as follows:

1.    A declaration that plaintiff's rights under the United States Constitution were violated;

2.    A declaration that plaintiff's rights under Article One, Section Five of the New York State Constitution were violated;

3.    A declaration that plaintiff's rights under 42 USC §1983 have been violated.

3.    A declaration that plaintiff's rights under New York State Correction Law sections 500(K) and 137(5) were violated;

(B)    Compensatory damages in an amount to be fixed at trial;

(C)    By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages in an amount to be fixed at trial;

(D)    An award to plaintiff of the costs and disbursements herein;

(E)    An award of attorney's fees under 42 U.S.C. §1988; and

(F)    Such other and further relief as this Court may deem just and proper.

Dated:   May 29, 2007
         New York, New york

PAZER & EPSTEIN, P.C.

By Michael Jaffe (MJ 83/9)
Attorneys for Plaintiff
20 Vesey Street, #700
New York, New York  10038
(212) 227-1212