# Pazer & Epstein, P.C.
ATTORNEYS AT LAW
20 VESEY STREET
NEW YORK, NEW YORK 10007
(212) 227-1212

PERRY PAZER
MARK J. EPSTEIN
MICHAEL JAFFE
JONATHAN N. PAZER
MATTHEW J. FEIN
EUGENE GOZENPUT

August 15, 2007

FACSIMILE (212) 374-1778
SUFFOLK OFFICE
1776 E. JERICHO TURNPIKE
HUNTINGTON, N.Y. 11743
(631) 864-2429

Honorable Victor Marrero
United States District Judge
Southern District of New york
United States Courthouse
500 Pearl Street, Suite 660
New York, NY 10007

BY FAX: 212-805-6382

Re:   Jesse Rosen v. City of New York, et. al.
      07-CV-6721 (VM)

Your Honor:

With reference to the above-captioned action, I write in response to defendants' recent removal of the related State Court action to Federal Court and request that the State Court action be returned to the Supreme Court of the State of New York, County of Bronx. Although counsel for defendant, Jordan Smith, Esq., has filed numerous legal papers regarding the removal and amendment of the caption of this action through the Clerk's office, I provide this letter request to Your Honor by fax after speaking with Your Honor's chambers and being advised to do so.

Defendants have requested a removal of the above matter from State to Federal Court to then be consolidated with the pending Federal Action bearing the same caption under docket number 07-CV-6018. Defendants' request is based on the fact that the complaint in the within action contains federal questions, a fact not in dispute by plaintiff's counsel.

As noted by defense counsel the action being removed contains State law claims as well. While the Federal Court may, of course, exercise jurisdiction over both Federal and State law claims, there is no bar to pressing both actions in both State and Federal Court concurrently, which was the basis for starting the two actions, one in State Court and one in Federal Court. Such was the case in Flores v. The City of New York, et. al., 1999 WL 891248 (E.D.N.Y.), a decision rendered

Page 2.
Re: Rosen v. City of New York
Docket No.: 07-CV-6721 (VM)

by Judge Gleeson on October 8, 1999, a copy of which is annexed hereto for the Court's reference.

Your Honor is no doubt aware of the pendent jurisdiction the Court may exercise over a matter which is also pending in State Court and I will not burden the Court with hornbook law. The reason for bringing both claims as such is that the plaintiff has every right to have his case heard in Supreme Court, Bronx County as that is proper venue for such action based on the location of Riker's Island. However, historically, when such actions are brought against the City of New York in State Court, it is nearly impossible to obtain discovery from the City, with multiple Court orders, significant delays and limited oversight over the discovery process and even then the likelihood of receiving proper discovery is limited. Such is not the case in Federal Court. It is therefore the actions of the City of New York, historically, that have resulted in the filing of the two claims in separate Courts.

While I recognize that bringing such claims in the manner in which they have been brought is perhaps uncommon, it is not without legal basis as noted above. In fact, such was the procedure utilized in Ahler v. The City of New York, et. al., 1993 WL 362404 (S.D.N.Y.), a decision dated September 13, 1993 by Judge Sotomayor. A copy of that decision is annexed hereto as well. Although the issue in the Ahler case was different from the one at bar, the case illustrates the ability for both claims to be brought in separate forums.

Should Your Honor wish to have this matter briefed in greater detail or should Your Honor desire a conference on this matter I would ask that the Court so advise and we will comply with any requests.

Thank you for your consideration herein.

Sincerely yours,

PAZER & EPSTEIN, P.C.

BY: MICHAEL JAFFE

MJ;dr

Cc: Corporation Counsel (Jordan Smith, Esq.) – by fax: 212-788-9776

Not Reported in F.Supp.
Not Reported in F.Supp., 1993 WL 362404 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

Page 1

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.
Gerard AHLER, Plaintiff,
v.
The CITY OF NEW YORK and Michael Graziose, Defendants.
**No. 93 Civ. 0056 (SS).**

Sept. 13, 1993.

OPINION & ORDER

**SOTOMAYOR**, District Judge.

*1 Plaintiff moves pursuant to Fed.R.Civ.P. 41(a)(2) to dismiss this action without prejudice by Court order. Defendants oppose, claiming that the City would be prejudiced by the dismissal of the federal action. For the reasons stated below, the motion is GRANTED, and the complaint is dismissed without prejudice. For the reasons set forth below, however, plaintiff is barred from refiling the same action in federal court.

I. *Background*

On May 7, 1992, plaintiff commenced an action in New York State Supreme Court, County of Bronx, against defendants New York City and Michael Graziose, a police officer. The action alleged **civil rights** violations under 42 U.S.C. § 1983, as well as false arrest and conversion. Defendants did not remove the action, which is currently pending in state court. Discovery is in progress.

On January 8, 1993, plaintiff commenced what he terms an "identical action" in this Court. Affidavit of Joseph S. Garafola at 2. Although plaintiff was "initially ... concerned about his ability to have this matter properly and fairly tried in a State Court, he is now convinced that a trial in the State jurisdiction is in his best interest." *Id.* The state action has progressed further than the federal action, in which there has been no discovery.

Defendants oppose the dismissal.

II. *Discussion*

Fed.R.Civ.P. 41(a)(2) provides:
Except as provided in [Rule 41(a)(1) ], an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

The Second Circuit has recently enumerated a variety of factors that may be relevant to the consideration of a motion to dismiss without prejudice. *See Zagano v. Fordham University,* 900 F.2d 12 (2d Cir.), *cert. denied,* 111 S.Ct. 255 (1990). These factors include: the plaintiff's diligence in bringing the motion; any 'undue vexatiousness' on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss.

900 F.2d at 14 (citations omitted).

The motion to dismiss this federal action was brought only a few months after the action was initiated. Although defendants have answered, they presumably were able to rely on their work in joining issue in the identical state action. There has been no discovery in the federal action. Plaintiff was diligent in bringing the motion during the relatively early stages of the action, and consequently defendants' burden thus far has been minimal. *Cf. Id.* (Rule 41(a)(2) motion denied where action pending more than four years, with extensive discovery completed).

Defendants stated that they would prefer to litigate this matter in a federal **forum**. Allowing the action to proceed in state court is not, however, sufficient grounds for denying the motion or for dismissing with prejudice, especially since, according to defendants, they could have removed the action but did not.

*2 Dismissal without prejudice averts the possibility of detrimental res judicata and collateral estoppel effects. Nonetheless, the Court is cognizant of defendants' concern that plaintiff's vacillation over **forum** may become vexatious. Plaintiff's representation that he will not refile this action in federal court if it is dismissed without prejudice bars him from doing so and addresses defendants' concerns.

III. *Conclusions*

Plaintiff's motion pursuant to Fed.R.Civ.P. 41(a)(2) to dismiss this action without prejudice is hereby

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d, 1999 WL 891248 (E.D.N.Y.)

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court, E.D. New York.
Lilian FLORES, Individually, and as Administratrix of the goods, chattels and credits that were of Frankie Arzuaga, deceased, Plaintiff,
v.
THE CITY OF NEW YORK, a municipal corporation; Rudolph Giuliani, Mayor of the City of New York; Howard Safir, Commissioner of the New York City Police Department; James A. Hand, Sergeant; Alfred Sanduro, police officer; Diana Sierra, police officer; in their individual and official capacities jointly and severally, Defendants.
No. 99-CV-160 (JG).
Oct. 8, 1999.

Jonathan C. Moore, Law Offices of Jonathan C. Moore, William H. Goodman, Pamela A. Armour, Center for Constitutional Rights, New York, for Plaintiff.
Michael D. Hess, Corporation Counsel of the City of New York, New York, By J. Machelle Sweeting, for Defendant.

MEMORANDUM AND ORDER

GLEESON, District J.
*1 Plaintiff Lilian Flores, on behalf of herself and the estate of her son, brought this **civil rights** action under 42 U.S.C. § 1983 alleging that New York City police officers wrongfully shot and killed her son. The defendants have moved this Court to abstain from considering the complaint, given the pendency of a similar action by Flores in state court. See *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976); *Moses H. Cone Mem'l Hospital v. Mercury Construction Corp.*, 460 U.S. 1 (1983). I find no exceptional circumstances that would support this Court's failing to exercise its jurisdiction. Accordingly, the motion is denied.

BACKGROUND

Flores's complaint alleges the following facts.

After 11 p.m. on January 12, 1996, Frankie Arzuaga was a passenger sitting in the back seat of a stationary car in the Williamsburg section of Brooklyn. (Complaint ¶ 16.) Sergeant James A. Hand and Officers Alfred Sanduro and Diana Sierra, all of the New York City Police Department, approached the car in which Arzuaga was sitting. (*Id.* ¶ 18.) The officers were in plainclothes and did not "properly" identify themselves as police officers. (*Id.* ¶ 18, 19.)

The car's driver was frightened when Sanduro approached his window and drove off. (*Id.* ¶ 21.) Hand, who had been positioned behind the car, then fired at the car repeatedly, and one of the bullets hit Arzuaga, who later died as a result. (*Id.*)

On August 20, 1996, Flores filed a verified complaint in the New York Supreme Court, New York County, naming the City of New York and the New York City Police Department as defendants. The complaint alleged causes of action for negligence, excessive force, wrongful death,

deprivation of "rights secured to [Arzuaga] under the Constitution of the United States of America" and the New York Constitution, and deprivation of "rights secured to him under 42 U.S.C. § 1983." (Declaration of J. Machelle Sweeting, Exhibit B.) On September 24, 1996, the parties stipulated to transfer the action to New York Supreme Court, Kings County. ( *Id.* ¶ 8.) On the same date, Flores filed a verified bill of particulars. ( *Id.,* Exhibit D.)

On April 7, 1997, Justice James W. Hutcherson issued a pre-calendar order, which directed the defendants to provide discovery to the plaintiff. ( *Id.,* Exhibit E.) On October 21, November 10, and November 18, 1997, the defendants provided requested documents and reiterated demands for discovery from the plaintiff. ( *Id.,* Exhibits F & G.) No further action has taken place in the case.

On January 11, 1999, plaintiff (with new counsel) filed her complaint in the instant action.

## DISCUSSION

Federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them," and, in the typical case, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976). Nonetheless, when "exceptional" circumstances exist, a federal court may choose not to exercise its jurisdiction over a case for which there is a concurrent state court proceeding. See *id.* at 818.

**\*2** A district court should consider six factors when deciding whether *Colorado River* abstention is appropriate, keeping in mind, however that the "balance [must be] heavily weighted in favor of the exercise of jurisdiction." *Burnett v. Physician's Online, Inc.,* 99 F.3d 72, 76 (2d Cir.1996) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 16 (1983)). These factors are:

(1) the assumption of jurisdiction by either court over any res or property,

(2) the inconvenience of the federal forum,

(3) the avoidance of piecemeal litigation, ...

(4) the order in which jurisdiction was obtained[,]

....

(5) whether state or federal law supplies the rule of decision, and

(6) whether the state court proceedings will adequately protect the rights of the party seeking to invoke federal jurisdiction.

*Burnett,* 99 F.3d at 76.

Consideration of the six factors demonstrates that *Colorado River* abstention is inappropriate in this case.

First, this is a damages action; there is no question of jurisdiction over a piece of property. "The absence of a res points toward exercise of federal jurisdiction." *Village of Westfield v. Welch's,* 170 F.3d 116, 122 (2d Cir.1999) (quoting *DeCisneros v. Younger,* 871 F.2d 305, 307 (2d Cir.1989)) (internal quotation marks and alterations omitted).

Second, the defendants do not argue that federal court provides a less convenient forum for

adjudication of this case than does state court. "[W]here the federal court is 'just as convenient' as the state court, that factor favors retention of the case in federal court." *Id.* (quoting *Youell v. Exxon Corp.*, 48 F.3d 105, 113 (2d Cir.1995)).

Third, while the state court action was filed first, very little has occurred in the state case. This factor therefore does not weigh significantly in favor of abstention. *See id.* ("This factor does not turn exclusively on the sequence in which the cases were filed, but rather in terms of how much progress has been made in the two actions. In addition, where there has been limited progress in a state court suit, the fact that the state action was commenced before the federal suit carries little weight." (internal quotation marks and citations omitted)).

Fourth, the defendants' bare contention that the concurrent exercise of state and federal jurisdiction will result in piecemeal litigation does not support abstention. If it did, the general rule that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction," *Colorado River*, 424 U.S. at 817, would be eviscerated. Instead, abstention is only appropriate in "exceptional" circumstances, *id.* at 818, and the defendants have identified none here.

Fifth, Flores raises only federal claims in her federal complaint. "When the applicable substantive law is federal, abstention is disfavored." *Village of Westfield*, 170 F.3d at 124 (quoting *DeCisneros*, 871 F.2d at 308).

\*3 Sixth, I have no doubt that Flores's federal rights would be adequately safeguarded by the New York courts, *see Turco v. Monroe County Bar Ass'n*, 554 F.2d 515, 520 (2d Cir.1977), but this fact does not necessarily militate in favor of abstention. When this factor comes into play at all, it generally does so *in favor* of the exercise of federal jurisdiction ( *e.g.,* when the state courts will not be able to adequately protect the rights of a federal claimant). *See id.* at 124.

Weighing all six factors, with the "balance heavily weighted in favor of the exercise of jurisdiction," I conclude that abstention would be inappropriate in this case. *Burnett*, 99 F.3d at 76 (quoting *Moses H. Cone*, 460 U.S. at 16).

## CONCLUSION

For these reasons, the defendants' motion to dismiss the complaint, or in the alternative to stay the proceedings pending the resolution of the state action, is denied.

So Ordered.

E.D.N.Y.,1999.
**Flores** v. **City** of **New York**
Not Reported in F.Supp.2d, 1999 WL 891248 (E.D.N.Y.)

Motions, Pleadings and Filings (Back to top)

• 1:99cv00160 (Docket) (Jan. 11, 1999)
END OF DOCUMENT

(C) 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.