# Pazer & Epstein, P.C.

ATTORNEYS AT LAW
20 VESEY STREET
NEW YORK, NEW YORK 10007
(212) 227-1212

PERRY PAZER
MARK J. EPSTEIN
MICHAEL JAFFE
JONATHAN N. PAZER
MATTHEW J. FEIN
EUGENE GOZENPUT

August 15, 2007

FACSIMILE (212) 374-1778
SUFFOLK OFFICE
1776 E. JERICHO TURNPIKE
HUNTINGTON, N.Y. 11743
(631) 864-2429

Honorable Victor Marrero
United States District Judge
Southern District of New york
United States Courthouse
500 Pearl Street, Suite 660
New York, NY 10007

BY FAX: 212-805-6382

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-20-07
```

  Re: Jesse Rosen v. City of New York, et. al.
     07-CV-6721 (VM)

Your Honor:

  With reference to the above-captioned action, I write in response to defendants' recent removal of the related State Court action to Federal Court and request that the State Court action be returned to the Supreme Court of the State of New York, County of Bronx. Although counsel for defendant, Jordan Smith, Esq., has filed numerous legal papers regarding the removal and amendment of the caption of this action through the Clerk's office, I provide this letter request to Your Honor by fax after speaking with Your Honor's chambers and being advised to do so.

  Defendants have requested a removal of the above matter from State to Federal Court to then be consolidated with the pending Federal Action bearing the same caption under docket number 07-CV-6018. Defendants' request is based on the fact that the complaint in the within action contains federal questions, a fact not in dispute by plaintiff's counsel.

  As noted by defense counsel the action being removed contains State law claims as well. While the Federal Court may, of course, exercise jurisdiction over both Federal and State law claims, there is no bar to pressing both actions in both State and Federal Court concurrently, which was the basis for starting the two actions, one in State Court and one in Federal Court. Such was the case in Flores v. The City of New York, et. al., 1999 WL 891248 (E.D.N.Y.), a decision rendered

Page 2.
Re: Rosen v. City of New York
Docket No.: 07-CV-6721 (VM)

by Judge Gleeson on October 8, 1999, a copy of which is annexed hereto for the Court's reference.

Your Honor is no doubt aware of the pendent jurisdiction the Court may exercise over a matter which is also pending in State Court and I will not burden the Court with hornbook law. The reason for bringing both claims as such is that the plaintiff has every right to have his case heard in Supreme Court, Bronx County as that is proper venue for such action based on the location of Riker's Island. However, historically, when such actions are brought against the City of New York in State Court, it is nearly impossible to obtain discovery from the City, with multiple Court orders, significant delays and limited oversight over the discovery process and even then the likelihood of receiving proper discovery is limited. Such is not the case in Federal Court. It is therefore the actions of the City of New York, historically, that have resulted in the filing of the two claims in separate Courts.

While I recognize that bringing such claims in the manner in which they have been brought is perhaps uncommon, it is not without legal basis as noted above. In fact, such was the procedure utilized in Ahler v. The City of New York, et. al., 1993 WL 362404 (S.D.N.Y.), a decision dated September 13, 1993 by Judge Sotomayor. A copy of that decision is annexed hereto as well. Although the issue in the Ahler case was different from the one at bar, the case illustrates the ability for both claims to be brought in separate forums.

Should Your Honor wish to have this matter briefed in greater detail or should Your Honor desire a conference on this matter I would ask that the Court so advise and we will comply with any requests.

Thank you for your consideration herein.

> Request DENIED. The Court deems defendants' removal of the state court action to be warranted. Both of plaintiff's actions arise from the same operative facts. To the extent the action removed raises state law claims, such can be adjudicated under this Court's pendent jurisdiction. It does not properly serve judicial economy to have identical claims proceeding in parallel in two courts.
>
> SO ORDERED:
> 8-17-07
> DATE    VICTOR MARRERO, U.S.D.J.

Sincerely yours,

PAZER & EPSTEIN, P.C.

BY: MICHAEL JAFFE

Cc: Corporation Counsel (Jordan Smith, Esq.) – by fax: 212-788-9776